[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13305
Non-Argument Calendar

_____

BIA Nos. A95-902-128 & A95-902-129

MICHEL ALEXANDER GARCIA-REYES,
ALEJANDRA PATRICIA ORTEGA DE GARCIA,
NATALIA ISABEL GARCIA-ORTEGA,

                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 1, 2008)**

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Michel Alexander Garcia-Reyes, a native and citizen of Venezuela, petitions this court for review of the Board of Immigration Appeals' (the "BIA") removal order and denial of withholding of removal or relief under the United Nations Convention Against Torture ("CAT"). Garcia submits this petition on behalf of himself, his wife, and his minor daughter. For the reasons discussed below, we affirm the decision of the BIA.

## BACKGROUND

Garcia, his wife, and his daughter arrived in the United States on June 18, 1999 on non-immigrant visas for pleasure, but remained beyond the expiration period. In June 2002, Garcia filed an application for asylum, withholding of removal, and CAT relief alleging that he had been persecuted in Venezuela.[1]

In an addendum to his application, Garcia claimed to seek asylum on account of persecution he experienced in Venezuela. The persecution related to a car accident he had while living there. One night in May 1999 while driving home from work, Garcia hit and seriously injured a construction worker who was working in the street with no warning light signaling his presence. The police later determined that Garcia was not at fault. The victim, Jesus Ramirez, and his

---

[1] Garcia filed the application with the assistance of an attorney. The attorney, who was later indicted for fraud in connection with services he provided to immigrants, failed to notify Garcia of pending hearings and Garcia was ordered removed in absentia. Garcia later moved to reopen proceedings, and the motion was granted.

brother, Marco Ramirez, however, began demanding that Garcia compensate Jesus for his injuries. They ultimately requested $10,000, which Garcia refused to pay. The Ramirez brothers made threatening phone calls to Garcia's home and work demanding the money. Then Garcia's car disappeared for a few days and was returned with a bullet hole and a note indicating that this was an example of what would happen to Garcia if he didn't pay.

Garcia added additional information in a supplemental statement filed prior to his immigration hearing and in his testimony at the hearing. He stated that he was politically active with the Democratic Action Party that opposed current President Hugo Chavez. He stated that he supported various campaigning candidates and spoke out against Chavez in meetings at various homes. Garcia testified that he was threatened once in December 1998 while he was campaigning against Chavez. Chavez's "people" threatened him verbally saying that "once they were in power, they were going to take over the things that the opposition at that time possessed or had."[2]

---

[2] Garcia does not argue—nor could he—that this single verbal threat made to him and his fellow campaigners in December 1998 supports his claim for withholding of removal. To establish that persecution was on account of the petitioner's political opinion, the petitioner must present evidence "showing a good reason to fear that he . . . will be *singled out* for persecution on account of such an opinion." Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation omitted) (emphasis in original). A vague threat to a group of protesters —which happened to include the petitioner—from a bystander does not signify that he was or would be singled out for persecution on account of his political opinion.

In the addendum and at his immigration hearing, Garcia stated that the car accident was connected to his political activity, because the Ramirez brothers were supporters of Chavez. Garcia testified that he believed the accident to be a set-up. Garcia gave the following reasons for this belief: the man he hit "was not where he was supposed to be," the accident was not Garcia's fault, and he has since learned that Marco Ramirez, the brother of the man he hit, is a Chavez supporter and a policeman. Garcia also testified that he knew Marco was the one responsible for stealing his car because "he was a person basically of the zone where [Garcia] lived" and because his neighbors believed so. Garcia did not explain why his neighbors believed Marco had taken the car. Garcia also testified that he received more calls threatening him and his family after the car was stolen, saying that "somebody was going to pay." Shortly thereafter, Garcia fled to the United States.

Based on the application, the supplement, Garcia's testimony, and letters from Garcia's family stating that they continued to receive threats against Garcia, the Immigration Judge (the "IJ") denied relief. The IJ noted that Garcia agreed he would no longer be seeking asylum.[3] The IJ found that Garcia had failed to meet his burden of proof to establish eligibility for withholding of removal. Although the IJ stated that there were "no credibility issues," the IJ determined that there was no direct link between Garcia's alleged persecution and a political ground.

---

[3] Garcia does not dispute that he dropped his asylum claim.

4

Garcia appealed to the BIA. The BIA affirmed the IJ's order, but did not adopt the IJ's opinion. The BIA agreed with the IJ that it was "pure speculation" by Garcia that the car accident was set-up as an excuse to persecute Garcia for his anti-Chavez political views. The BIA found that Garcia had failed to meet his burden of proof to establish entitlement to withholding of removal. The BIA also determined that no persuasive arguments had been presented indicating entitlement to relief under CAT. Garcia timely petitioned this court for review.

## STANDARD OF REVIEW

This court reviews only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Factual determinations of the BIA are reviewed under the substantial evidence test, and this court "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation omitted). A finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). Legal determinations, however, are reviewed de novo. Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1254 (11th Cir. 2006).

5

**DISCUSSION**

We first note that no argument regarding CAT relief has been made on appeal, and therefore, that issue is abandoned. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998). As Garcia previously abandoned his asylum claim, we review only his claim for withholding of removal.

To demonstrate eligibility for withholding of removal, the alien applicant must establish that his "life or freedom would be threatened in [his home country] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The applicant "bears the burden of demonstrating that it is 'more likely than not' that he will be persecuted or tortured upon his return" to his country." Fahim v. U.S. Atty. Gen., 278 F.3d 1216, 1218 (11th Cir. 2002); 8 C.F.R. § 208.16(b).

This burden may be satisfied in either of two ways. First, the alien may establish past persecution in his country based on a protected ground. 8 C.F.R. § 208.16(b)(1)(i). This creates a presumption that the alien's life would be threatened in the future should he return. Id. This presumption can be rebutted by evidence that conditions in the country have changed or that the alien could avoid the threat by relocating within the country. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006). Alternatively, the alien may establish eligibility by

6

establishing that it is more likely than not that he will be persecuted on account of a protected ground if he were removed to his country. 8 C.F.R. § 208.16(b)(2).

The record does not compel us to find that Garcia has established eligibility for asylum by either method. The record simply does not show that he was persecuted on a protected ground. The threats in relation to the car accident never referred to his political opinion nor requested that he stop his political activities. Garcia's evidence demonstrates that the Ramirez brothers wanted to force Garcia to compensate Jesus for his injuries. No evidence establishes they held any interest in punishing him for his anti-Chavez views. The statute makes clear that withholding of removal is available only for those who are persecuted *on account of* a protected ground. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) ("It is not enough to show that she was or will be persecuted or tortured due to her refusal to cooperate with the guerillas."). Furthermore, the political opinions of the Ramirez brothers do not transform what is essentially extortion into political persecution. The important issue is whether the persecutor is acting *because of* the alien's political opinion, not whether the alien simply holds a political opinion different from that of his alleged persecutors. See INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992).

We agree with the BIA that Garcia's belief that the car accident was a ruse designed to trap Garcia on account of his political views is pure speculation. An

7

alien must present "specific, detailed facts" establishing persecution on account of a protected ground. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Although credible, Garcia's testimony provided no specific, detailed facts linking the Ramirez brothers' demand for money with political persecution.

Garcia also argues that the Ramirez brothers acted with "mixed motives." Where persecutors act for multiple reasons, an alien may be entitled to asylum so long as the persecution was done at least partially on account of the victim's political opinion. See In re S-P-, 21 I. & N. Dec. 486, 495, 1996 WL 422990 (1996). This "mixed motives" analysis does not apply here. Garcia has provided no evidence, including in his own testimony, that the Ramirez brothers acted even in some small part based on a desire to punish Garcia for his political views.

## CONCLUSION

Because substantial evidence supports the BIA's decision, Garcia's petition is **DENIED**.